UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID CHAVEZ, <br><br> Plaintiff, <br> v. <br><br> JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendants. | Case No.: C- 06-851   PVT <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** <br><br> **(Re: Docket Nos. 9 and 12)** |

**I.    INTRODUCTION**

In this Social Security case, Plaintiff, David Chavez ("Plaintiff") brings an action pursuant to 42 U.S.C. § 405(g) appealing a final decision by the Commissioner of Social Security which denied his claims for disability insurance under Title II of the Social Security Act (42 U.S.C. § 400 et seq.) for the time period beginning on May 19, 2004.  Presently before the Court are cross-motions for summary judgment brought by Plaintiff and Defendant Jo Anne Barnhart, Commissioner of the Social Security Administration ("Defendant").[1]  For the reasons set forth below, the Court Denies Plaintiff's Motion for Summary Judgment and Grants Defendant's Cross- Motion for Summary Judgment.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

## II. LEGAL STANDARDS

### A. Standard for Reviewing the Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). When determining whether substantial evidence exists to support the ALJ's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the ALJ. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). The trier of fact, and not the reviewing court, must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the Commissioner. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

Finally, "[a] decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Remand is the appropriate remedy where additional administrative proceedings could remedy defects. *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985). If, however, a rehearing would simply delay payment of benefits, reversal is appropriate. *Id.*

### B. Standard for Determining Disability

The Social Security Act provides benefits to qualified individuals who are disabled. 42 U.S.C. § 423(a)(1). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). An impairment for purposes of this definition "results from anatomical, physiological, or psychological abnormalities which are demonstrable

by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). In addition, a person is disabled only if the impairment is so severe as to preclude not only performance of his previous work, but also, considering his age, education and work experience, performance of any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). The claimant carries the burden of proving disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).

The Commissioner follows a five-step sequential evaluation process in determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." *Id.* If so, the claimant is not disabled, and the claim is denied. *Id.* If the claimant is not engaged in such activity, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments; if not, the claim is denied. *Id.* If the claimant has a severe impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment meets or equals an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability benefits are automatically awarded. *Id.* If the impairment is not one presumed to be disabling, the fourth step requires the Commissioner to determine whether the claimant has sufficient Residual Functional Capacity ("RFC") to perform his past relevant work; if so, the claim is denied. *Id.* The plaintiff has the burden of proving that he or she is unable to perform past relevant work. *Drouin*, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. *Id.* In step five, the burden shifts to the Commissioner to prove that the claimant, based upon his age, education, work experience, and RFC, can perform other substantial gainful work. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987).

To disregard the uncontradicted opinion of a treating physician, an ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). If a treating physician's opinion is contradicted by a non-treating doctor, the treating physician's opinion may be rejected only for "specific and legitimate reasons" supported by substantial

evidence in the record. *Id*.

Similarly, when a claimant has "produced medical evidence of underlying impairments consistent with his complaints and there is no affirmative evidence that he is malingering, the ALJ's reasons for rejecting [the claimant's] testimony must be clear and convincing." *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999). Additionally, ALJ must articulate specific reasons for rejecting the claimant's subjective testimony regarding his pain and limitations. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1147-48 (9th Cir. 2001). An ALJ may not reject a claimant's statements regarding his limitations merely because they are not supported by objective evidence. *Id*. at 1147; *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir.1991). In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

### III. DISCUSSION

#### A. The ALJ's Findings

At step one, the ALJ found that Plaintiff had not performed disqualifying work during the period (Tr. 19 [finding # 1]). At step two the ALJ found Plaintiff had "'severe' impairments" (Tr. 19 [finding # 2]) including diabetes and asthma (Tr. 14). At step three, the ALJ determined that none of the impairments met the criteria of any impairment presumed to establish disability (Tr. 19 [finding # 2]). At step four, the ALJ found that the Plaintiff did not possess sufficient Residual Functional Capacity ("RFC") to perform either of his past occupations (Tr. 19 [finding # 5]). In assessing Plaintiff's RFC, the ALJ found Plaintiff's "allegations of disabling pain" were "not credible" (Tr. 19 [finding # 3]), rejected the opinions of treating doctors as to Plaintiff's capacity, and found Plaintiff could perform the exertions for "sedentary exertional work" (Tr. 19 [findings ## 4, 8]). At step five, the ALJ made the unfavorable determinative finding that with such RFC Plaintiff could have performed work in jobs which existed in significant numbers, as shown by Medical-Vocational Guidelines (or"grids") Rule 201.25 and the testimony of a vocational expert (Tr. 19 [finding # 10]).

Plaintiff takes issue with the ALJ's RFC determination, claiming that it was based the ALJ's improper rejection of the opinions of his treating physicians and his own testimony about his pain and limitations.

### 1. Rejection of Treating Physicians' Opinions

Plaintiff claims that the ALJ erred by not providing specific, legitimate reasons for rejecting the opinions of his treating physicians, Dr. Lum and Dr. Wehner. In this case, the opinions of Dr. Lum and Dr. Wehner were contradicted by the opinion of Dr. Gable, the consultative examiner. (Tr. 15, 124-130). Dr. Gable examined Plaintiff on August 26, 2004 and found no physical findings to support a claim of asthma under poor control. Dr. Gable's physical examination of Plaintiff revealed excellent breath sounds and completely clear lungs. Moreover, Dr. Gable noted that the fact that Plaintiff had not required emergency room treatment or hospitalization cast further doubt on Plaintiff's complaints about asthma. (Tr. 15, Exh. 4F at p. 2). Dr. Gable also performed a musculoskeletal examination which revealed well-developed muscles with no atrophy, normal range of motion of all joints, no deformity, heat, swelling or redness; a normal grip strength, mild kyphosis (curvature of the spine), and negative Tinel's and Phalen's signs (tests for carpel tunnel system). Based on his examination, Dr. Gable assessed the Plaintiff had the ability to lift, push or pull up to 25 pounds frequently and 50 pounds occasionally; stand and/or walk for 6 hours in an 8 hour day; sit for 6 hours in an 8 hour workday and occasionally to frequently squat. (Tr. 15, Exh. 4F at p.3.) Dr. Gable also noted that Plaintiff originally wrote only diabetes as his chief complaint and later expanded this to state breathing troubles.

Because the treating physicians were contradicted by the examining physician, the ALJ was only required to provide specific and legitimate reasons for rejecting the opinions. An ALJ may reject a treating opinion which is conclusory and unsupported by the record as a whole or by objective medical findings. *Batson v. Commissioner of the Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

//

a. Dr. Lum's Opinion

The ALJ specifically found that Dr. Lum's opinion was not supported by the treatment records and was "conclusionary in form with little in the way of clinical findings to support its conclusion." (Tr. At 17.) The ALJ found that Dr. Lum's records do not contain any laboratory tests such as x-rays or MRI scans which would support his opinion. The ALJ also noted that Dr. Lum stated an onset date of July 16, 2004, giving the limitations a duration of less than twelve months as of the date of the decision (issued May 18, 2005) and no longitudinal confirmation of consistently severe limitations that would preclude the performance of sedentary exertional work.          Additionally, Dr. Lum opined that Plaintiff suffered from diabetic neuropathy which caused pain or discomfort and limited his ability to use his lower extremities. (TR 106-107.) However, there are no treatment records that support the opinion; the treatment records from December 2003 through March 2005 document only one complaint for "occasional neck and hand joint pain" in January 2005, four months prior to the alleged onset date. (Tr. 177.). Moreover, Dr. Lum opined that Plaintiff was restricted from twisting, stopping, crouching/squatting, and climbing. (Tr. 148, 155.) The records contain no documentation of any testing regarding Plaintiff's abilities to perform these activities or even any complaints about these activities. (TR. 158-179.) Finally, Dr. Lum opined that Plaintiff was incapable of tolerating even low stress jobs (Tr. 145, 153.) Again, there is nothing in Dr. Lum's treatment records to support that opinion. Accordingly, the ALJ properly found that Dr. Lum's opinion was entitled to only minimal weight.[2]

b. Dr. Wehner's Opinion

Dr. Wehner did not issue his opinion until June 10, 2005, one month after the ALJ"s decision. The opinion was considered by the Appeals Council. The Appeals Council found that Dr. Wehner's opinion was not consistent with his prior treatment records. (Tr. 6.) The Appeals Council found Dr. Wehner's opinion indicating significant limitations "not consistent with his findings in November 2004 for stable asthma followed by slight improvement in February 2005

---

[2] In Reply, Plaintiff does not address the shortcomings alleged by the ALJ and the Defendant. Plaintiff merely asserts without any support that "Plaintiff tested as having reaction to many common substances present in many workplaces."

with moderate obstruction reported on lung testing." (Tr. 6.)  The spirometry showed improved airflow and Plaintiff reported only a single asthmatic episode in the prior three weeks. (Tr. 193, 195).  The single episode resolved within twenty-four hours.  Moreover, Dr. Wehner opined that Plaintiff was incapable of lifting more than ten pounds occasionally; could occasionally twist, stoop, and climb stairs; could rarely crouch/squat; but could never climb ladders (Tr. 212). However, Plaintiff only reported to Dr. Wehner that he was unable to walk more than one block and did not make any other complaints. (Tr. 210).  Plaintiff argues that the other activities were properly restricted because they required more effort than walking a single block.  Plaintiff does not cite any authority for this proposition and the court is not persuaded that inability to walk more than one block necessarily translates to an inability to twist, lift, stoop and crouch. Accordingly, the Appeals Council properly found that specific and legitimate reasons to reject the opinion of Dr. Wehner.

2.    Rejection of Claimant's Subjective Pain Testimony

Plaintiff argues that the ALJ improperly discounted Plaintiff's reports of his symptoms. Plaintiff testified that every day he coughs and cannot breathe comfortably. (Tr. 237).  He also testified that it is hard for him to sleep and that he has joint, hand and leg pain and that he cannot grip or hold items or straighten his fingers. (Tr. 238-239.)  Plaintiff asserts that the ALJ did not articulate specific, clear and convincing reasons for rejecting this testimony.  The ALJ noted in her decision that Plaintiff's subjective complaints were not credible in light of the discrepancies between his testimony and the difficulties he reported to his doctors.  In particular, the ALJ noted that the Plaintiff claimed to have difficulty grasping items due to hand pain but had not reported any hand pain in the adjudicative period.[3]  Similarly, Plaintiff testified as to daily debilitating asthma symptoms, but did not report such symptoms to Dr. Wehner. (Tr. 190-200).  In fact, on February 8, 2005, Plaintiff reported only one incident in the prior three weeks, despite having last been seen in November of 2004.  In addition, Plaintiff did not report any debilitating

---

[3] The record does contain one mention in January 16, 2004, but that is before the alleged onset date of the disability.  (Tr. 177.)

symptoms or episodes to Dr. Lum. (Tr. 158-168.)[4] Plaintiff argues that the joint pain was not disproved by lack of medical attention. The ALJ did not find that the joint pain was disproven. Instead the ALJ relied upon the inconsistency between Plaintiff's testimony and the problems he reported to his treating physicians.

Thus, the ALJ properly relied upon Plaintiff's inconsistent statements about his difficulties to discount his testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)(ALJ properly considered Plaintiffs inconsistent statements in evaluating subjective reporting). In *Thomas,* the ALJ relied in part upon the claimants statement that she could cook, do dishes, wash laundry and go shopping to discount her reporting of her pain. Similarly, here Plaintiff reported that he makes his own meals, cleans, does laundry and irons. In addition he cares for his son and checks on his parents. (Tr. 73-75.)

Finally, Plaintiff argues that the ALJ improperly failed to consider the Function Report of Lay Witness Denise Sancehz - a friend of the Plaintiff. Lay evidence may be discounted only with specific findings. *Nguyen v. Chater*, 100 F.3d 1462 (9th Cir. 1996). The ALJ did improperly fail to explain the rejection of Ms. Sanchez' report. However, such error was harmless. Ms. Sanchez reported spending 4-5 hours daily with Plaintiff, but could provide no information about Plaintiff's activities other than taking his son to school. (Tr. 81.) Although she noted that Plaintiff lives with his son, she also reported that Plaintiff did not take care of any else such as a child. (Tr. 82.) Moreover, Ms. Sanchez' report that Plaintiff has trouble holding things in his hands is contradicted by the fact that he never made that complaint to his treating physicians during the adjudicative period. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (ALJ may discount lay testimony in conflict with medical evidence.) Finally, Ms. Sanchez did not report that Plaintiff could not perform any functions. In response to the question "What was the disabled person able to do before his/her illnesses, injuries, or conditions that he/she can't do now?", she stated only that he "has trouble walking, talking, holding things in his hands, legs

---

[4] Moreover, the ALJ relied upon the lack of Emergency Room visits or Hospitalization due to asthma in discounting the severity claimed by Plaintiff. Plaintiff argues that daily chronic symptoms would not necessarily lead to hospital visits. However, it was reasonable for the ALJ to believe that daily debilitating symptoms would lead at least once to a visit to a hospital.

buckle leg pains." Thus, the report of Ms. Sanchez is not probative and any failure to give reasons why the report was discounted is harmless.

**IV.   CONCLUSION**

For the Foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is denied and Defendant's cross motion for summary judgment is granted.

Dated: February 14, 2007

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge